

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Claude Isbell
Secretary of State
Austin, Texas

Attention: Mr. Walter C. Pierson, Head
Executive Division

Dear Sir:

Opinion No. O-6504
Re: Whether a person, otherwise
qualified, but who is not a citi-
zen of the United States, may be
appointed Notary Public.

Your letter of March 26, 1945, requesting the
opinion of this department on the question stated therein
is, as follows:

"We are in receipt of a letter dated
March 23rd from W. D. Miller, County Clerk
of Harris County, as follows:

"'I have a case where a certain legal opinion
is necessary, and I will ask that you give me
your advice on the matter, and if possible, get
me an opinion from the Attorney General's Office,
regarding the same. I have a party who made ap-
plication for a notary appointment, who is twenty-
one, lives here in Harris County, but is not a
full United States citizen. He has, however,
taken out his first papers, and I got a ruling
from our local District Attorney's office stating
that he is eligible to become a notary.

"'I will appreciate any information on this sub-
ject you may give.'"

"Will you please advise this office whether a
person, otherwise qualified, but who is not a citi-
zen of the United States, may be appointed notary
public?

"If one must be a citizen before he can secure
such appointment, would it be sufficient if he has
taken out his first papers?"

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Claude Isbell, page 2

Section 26, Article 4 of the State Constitution is in part, as follows:

"The Secretary of State shall appoint a convenient number of Notaries Public for each county who shall perform such duties as now are or may be prescribed by law. The qualifications of Notaries Public shall be prescribed by law."

Section 2 of Article 5949, Vernon's Annotated Civil Statutes is, as follows:

"To be eligible for appointment as Notary Public for any county, a person shall be at least twenty-one (21) years of age, and a resident of the county for which he is appointed; provided, that where such person resides within the limits of any incorporated city, town or village located in two counties, said person may be appointed Notary Public for either of such counties, but shall be authorized to act only in the county for which such appointment is made."

A notary is a public officer. The eligibility of persons to be notaries public is largely regulated by constitutional or statutory provisions. (Amer. Jur. Vol. 39, p. 215)

Generally speaking, eligibility to office belongs equally to all persons not excluded by the constitution or statutes and not exclusively or specifically to persons enjoying the right of suffrage. The Legislature may not change or add to qualifications for office, nor take away disqualifications, that are prescribed by the constitution. The Constitution of 1869, Article 3, Section 14, provided that no person should be eligible to any office who was not a registered voter of the State, but there is no such provision in the present constitution. (Steusoff v. State 15 S. W. 1100, 12 L. R. A. 364; Harkreader v. State 33 S. W. 117, Tex. Jur. Vol. 34, page 341)

It is stated in American Jurisprudence, Vol. 42, page 907:

Honorable Claude Isbell, page 3

> "To hold a public office, one must be eligible
> and possess the qualifications prescribed by law,
> and an election or appointment to office of a per-
> son who is ineligible or unqualified gives him no
> right to hold the office. It is frequently said
> that unless excluded therefrom by some legal dis-
> qualification, all persons are normally and equally
> eligible to public office, that is to say, legally
> qualified for office."

It is further stated in American Jurisprudence, Vol.
42, page 917:

> "Aliens enjoy many of the rights of citizens
> and, on the other hand, labor under certain dis-
> abilities. They are not eligible to public office
> unless the privilege is extended to them by statute
> and are very often excluded therefrom by consti-
> tutional or statutory provisions, which restrict
> to electors or voters the right to hold office,
> or which makes citizenship a condition of eligi-
> bility to office."

It is stated in Corpus Juris Vol. 46, page 938:

> "Citizenship, although usually expressly
> required either by the constitution or statutes,
> would seem, in the absence of such requirement,
> not to be a necessary qualification for office,
> but it has sometimes been held that it is a
> necessary qualification for elective office
> even in the absence of a constitutional or
> statutory provision to that effect."

It will be noted that Section 26, Article 4 of the
State Constitution provides that "the qualification of
notaries public shall be prescribed by law." In prescribing
the qualifications for notaries public, the Legislature pro-
vided that to be eligible for appointment as notary public
for any county, a person shall be at least twenty-one (21)
years of age, and a resident of the county for which he is
appointed; provided that where such person resides within
the limits of any incorporated city, town or village located
in two counties, said person may be appointed notary public
for either of such counties, but shall be authorized to act
only in the county for which such appointment is made.

Honorable Claude Isbell, page 4

The statute (Art. 5949) does not require that a person must be a citizen to be eligible for appointment as a notary public. The statute requires that a person to be eligible for appointment as notary public shall be at least 21 years of age, and a resident of the county for which he is appointed. The terms "resident" and "citizen" are not synonymous. (Words and Phrases Per. Ed. Vol. 7, page 217 and Vol. 37, page 284)

In view of the foregoing authorities, you are respectfully advised that it is the opinion of this department that a person, who is otherwise qualified, but is not a citizen of the United States and the State of Texas may be appointed a notary public, provided, of course, that such person is at least twenty-one (21) years of age, and is a resident of the county for which he is appointed and is not otherwise disqualified.

In view of our answer to your first question, your second question requires no answer.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

APPROVED APR 9 1945

FIRST ASSISTANT
ATTORNEY GENERAL

AW:LJ

